Brock v. Property Tax Comm.

DONALD P. BROCK; J. K. WARREN, JR.; W. B. HARGETT; H. C. BELL; MARY ELIZABETH BROCK McDANIEL; P. NELSON BANKS; HAROLD H. BATE; R. C. TYNDALL, JR.; G. B. FOY; C. C. JONES, JR.; W. W. BRAFFORD; ROBERT R. RIGGS; ERNEST B. RIGGS; HAROLD RIGGS; FRED D. RIGGS; RUSSELL J. RIGGS; DALTON EUBANKS; RALPH NOBLES; JERRY T. RIGGS; J. C. ARTHUR; E. N. RIGGS; W. H. RIGGS; ALTON ARTHUR; C. B. ARTHUR; BEN DILLAHUNT; THOMAS ARTHUR; C. FELIX HARVEY; JULIAN G. HOFMANN; CARLTON A. POLLACK; MRS. ORA D. POLLOCK; SYLVANUS D. MALLARD; EDNA T. MALLARD; WILLIAM V. GRIFFIN; MRS. V. C. GRIFFIN; D. E. TAYLOR; HUGH B. OLIVER; W. DENFORD EUBANK; LINDY HARTSELL; CHRIS R. EUBANKS; HUBERT L. JENKINS; FELTON EUBANKS; CORENA ANDREWS; W. ARCHIE EUBANKS; MR. M. R. WILLIAMS; RALPH JONES; JOE MONETTE; RAY COLLINS; RAY HILL; MYRAL COLLINS; W. W. SIMPSON; RICHARD H. PARKER; RUDOLPH HUMPHREY; ERNEST W. HUMPHREY; JESSIE G. BYNUM; HAROLD MATTOCKS, JR.; WILLIAM F. MATTOCKS; J. J. CONWAY; R. E. PROVOST; CLINTON PHILLIPS; EUGENE SIMPSON; WAYNE SIMPSON; JOHNNY TOLER; JOHN H. TOLER; ROBERT H. TOLER; SAMUEL RIGGS; MELVIN E. HARRIS; MARY WOOTEN; EDWARD MEADOWS; CLEVE B. PROVOST, SR.; LELA S. EUBANK; HERBERT CONWAY; ELIJAH RIGGS; FURNEY COLLINS HEIRS; JAMES A. SIMPSON; JOE ED COLLINS; JOHN D. CARROWAY; MACK O. DANIELS; M. O. LaROQUE; NEIL RIGGS; AUGUSTA FRANKS; SPENCER HASKINS, JR.; MARTHA LOUISE AND GLENNIE HASKINS; PRESTON D. REYNOLDS; REX MILLS; WILLIAM E. KORNEGAY; C. V. MILLS; FRANK HOWARD; ALVA B. HOWARD; MARVIN BANKS; EARL F. GREENE; WILLIAM MILLS; NINA T. MILLS; HARVEY KING; J. E. TURNER, JR.; CONRAD JONES; LINWOOD F. COX; CARL KILLINGSWORTH; FRED HILL; ESSIE M. WHITE; B. B. STANLEY; HAZEL H. TURNAGE; PRESTON H. BANKS; LINWOOD B. SCOTT; NANNIE E. SCOTT; H. V. WILSON; RACHEL K. BANKS; ALPHEUS BANKS; BEN LANG; JOHN PARKS, AND HENRY FOSCUE, PETITIONERS v. NORTH CAROLINA PROPERTY TAX COMMISSION SITTING AS THE STATE BOARD OF EQUALIZATION AND REVIEW; N. D. McNAIRY, CHAIRMAN; WAYNE A. CORPENING, ROBERT C. BLACK, KYLE HARRINGTON AND MRS. E. B. HOWARD, MEMBERS OF THE NORTH CAROLINA PROPERTY TAX COMMISSION SITTING AS THE STATE BOARD OF EQUALIZATION AND REVIEW, RESPONDENTS

No. 7510SC769

(Filed 5 May 1976)

**Taxation § 25— tax valuation schedules — failure to appeal in apt time**

The Property Tax Commission properly dismissed petitioners' appeal without allowing petitioners to offer evidence and to be heard on the merits of their appeal where petitioners sought "a percentage

Brock v. Property Tax Comm.

reduction of all farm property" in the county rather than the application of valuation schedules to their individual tracts, and petitioners did not contest the valuation schedules by appealing to the Commission within 30 days after the publication of notice in a newspaper with general circulation in the county that the schedules had been approved by the county commissioners. G.S. 105-317.

Judge CLARK concurring.

Judge VAUGHN dissents.

APPEAL by petitioners from *Hall, Judge.* Judgment entered 30 July 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 21 January 1976.

Jones County was required to make an octennial revaluation of real property within the County as of 1 January 1974. In furtherance of that revaluation, Southern Appraisal Company was employed to assist the County with the reappraisal, including the preparation of uniform schedules of value. The Board of Equalization and Review adopted its schedules on 4 September 1973, and gave notice of adoption of the schedules in the Kinston Daily Free Press and the New Bern Sun-Journal on 10 September 1973, and in the Jacksonville Daily News on 12 September 1973. Thereafter, the County proceeded with its revaluation so as to accomplish it by 1 January 1974.

On 6 May 1974, the petitioners appeared before the Jones County Board of Equalization and Review to request "a percentage reduction of all farm property in Jones County." This request was denied, and petitioners appealed to the North Carolina Property Tax Commission on 31 May 1974. From the final decision rendered by the North Carolina Property Tax Commission, dated 4 December 1974, the petitioners appealed to the Superior Court of Wake County. The petition for review was heard and judgment was rendered by Judge Hall on 30 July 1975 affirming the administrative decision of the Property Tax Commission. From this judgment, petitioners appealed.

*Brock & Foy, by Louis F. Foy, Jr., for petitioners.*

*Attorney General Edmisten, by Assistant Attorney General Myron C. Banks, for respondents, Property Tax Commission.*

*James R. Hood, for respondents, Jones County Board of Commissioners and Jones County Board of Equalization and Review.*

MARTIN, Judge.

Petitioners contend that the North Carolina Property Tax Commission erred in dismissing their appeal without allowing petitioners the opportunity to offer evidence and to be heard on the merits of their appeal.

G.S. 105-317 provides that prior to the octennial revaluation of real property in any county, the tax supervisor must prepare countywide valuation schedules to be used by the appraisers in valuing individual tracts of land. When the schedules are approved by the county commissioners, a notice to that effect must be published in a newspaper with general circulation in the county. Within thirty days after publication of the notice, any property owner may contest the schedules by appealing to the Property Tax Commission. After the thirty day period has passed, the schedules may no longer be challenged, and taxpayers appealing the valuation of their property may only contest the application of the schedules to their individual tracts.

In the present case, the notice of approval of valuation schedules was published in three newspapers on or before 12 September 1973, and petitioners' notice of appeal was not filed until 31 May 1974. Petitioners contend that even though their appeal was not filed within 30 days after publication of the notice, it should not have been dismissed. To support this contention, petitioners make several arguments. First, they argue that the county commissioners did not "approve" the valuation schedules as required by the statute, but only "accepted" them. We find this argument to be without merit.

Another argument put forth by petitioners is that the newspapers in which the notice of adoption of the valuation schedules was published are not newspapers of general circulation in Jones County. Under G.S. 1-598, the affidavits of publication, signed by employees of the three newspapers in which notice of adoption of the schedules was published, were sufficient to establish that these newspapers had a general circulation in Jones County.

A further argument advanced by petitioners is that the provision of the statute allowing notice of adoption of the valuation schedules to be given by publication violates the due process clause of the Constitution. We find this argument to be without merit.

Millard v. Hoffman, Butler & Assoc.

Petitioners also argue that they were not challenging the valuation schedules, but rather the application of the valuation schedules to their individual tracts. Petitioners' notice of appeal and application for hearing clearly show that they were not contending that their own tracts were overvalued in comparison to other land in the county, but were instead contending that all farm land and woods land in Jones County was valued too high. Such a contention amounts to a challenge of the valuation schedules.

For the above reasons, the decision of the trial court is

Affirmed.

Judge VAUGHN dissents.

Judge CLARK concurs.

Judge CLARK concurring.

I concur in the result and concede that petitioners requested "a percentage reduction of all farm property in Jones County." However, in their brief and in the hearing before this Court, the petitioners contend that they are challenging only the application of valuation schedules to their individual tracts. Further, in the hearing before this Court counsel for respondent Jones County Board of Equalization and Review indicated that said respondent had no objection to now applying the valuation schedules to the individual tracts of the petitioners. Under these circumstances, it is my opinion that this cause should be remanded to the Jones County Board of Equalization and Review so that it may determine if, as so indicated to this Court, it now elects to apply the valuation schedules to the individual tracts of the petitioners.